# EXHIBIT C

After Recording Return To:
CHASE HOME FINANCE LLC
CHASE RECORDS CENTER
RE: COLLATERAL TRAILING
DOCUMENTS
PO BOX 8000
MONROE, LA 71203

This Document Prepared By:
CHASE HOME FINANCE LLC
✱✱3415 VISION DRIVE
COLUMBUS, OH 43219-0542

Albany County Clerk
Mortgage Books (Record Room)
Book 6185 Page 460



Albany County Clerk
Document Number 10816527
Rcvd 01/31/2011 9:42:24 AM

——————— [Space Above This Line For Recording Data] ———————

## LOAN MODIFICATION AGREEMENT

MIN: 

This modification adds the amount of $14,193.25 to the current principal balance of $128,305.51, and represents capitalized interest, fees, expenses, and other amounts due under the terms of the original Mortgage/Deed of Trust/Trust Deed. The new unpaid principal balance of the loan, as modified, is $142,498.76. The original principal balance of the loan on which mortgage/recording taxes were previously paid was $130,579.00.

Loan Number

✱Borrower ("I")[1]: PETER LEE AND CYNTHIA LEE HIS WIFE
✱✱Lender ("Lender"): JPMORGAN CHASE BANK, N.A.
The Original Mortgagee of Record: Mortgage Electronic Registration Systems, Inc. as nominee for FIRST ALTERNATIVE MORTGAGE CORP., A NEW YORK CORPORATION
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"): MARCH 17, 2008
Loan Number: ▮▮▮▮(the "Loan")  See Exhibit A for reference
✱Property Address: 603 2ND AVE, WATERVLIET, NEW YORK 12189 (the "Property")

LEGAL DESCRIPTION: Section 44A2   Block 3   Lot 28
ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE CITY OF WATERVLIET IN THE COUNTY OF ALBANY AND STATE OF NEW YORK, KNOWN AND DISTINGUISHED ON A MAP OF THAT PART OF THE SAID CITY FORMERLY CALLED PORT SCHUYLER AS LOTS NUMBER ONE HUNDRED SIXTY THREE, ONE HUNDRED SIXTY FOUR AND ONE HUNDRED SIXTY FIVE ALBANY STREET, NOW CALLED SECOND AVENUE. THE SAID PARCEL OF LAND BEING THE SAME PREMISES CONVEYED TO LOUIS F. BEAUCHEA BY LOUIS BEAUCHEA BY DEED DATED NOVEMBER 7, 1947 AND RECORDED IN ALBANY COUNTY CLERK'S OFFICE ON NOVEMBER 10, 1947 IN BOOK OF DEEDS 1093 AT PAGE 493. ALSO, THAT CERTAIN LOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE CITY OF WATERVLIET, COUNTY OF ALBANY AND STATE OF NEW YORK, KNOWN AND DESIGNATED ON A CERTAIN MAP ENTITLED "MAP SHOWING LANDS IN THE CITY OF WATERVLIET, STATE OF NEW YORK, BEING PART OF ABANDONED ERIE CANAL LANDS, BETWEEN SECOND AND THIRD

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Page 1 of 8 pages

"Dwelling Only One Family"

Loan Number [REDACTED]

AVENUES AND EXTENDING FROM THE NORTH LINE OF SIXTH STREET TO THE SOUTH LINE OF SEVENTH STREET," MADE BY VINCENT G. LAMB, CITY ENGINEER, DATED AUGUST 20, 1943, AND FILED IN THE ALBANY COUNTY CLERK'S OFFICE NOVEMBER 29, 1943 IN DRAWER 122 AS MAP #1726 AS LOT NUMBER 1. SECTION 44.42 BLOCK 3 LOT 28

REFERENCE NUMBERS OF DOCUMENTS MODIFIED:
RECORDED MARCH 19, 2008 DOCUMENT NO. 10150304 LIBER 5646 PAGE 1091 [handwritten: 1090-1100]
Tax Parcel No [REDACTED]

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to the Lender and agree:

   A. I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

   B. The Property is neither in a state of disrepair, nor condemned.

   C. There has been no change in the ownership of the Property since I signed the Loan Documents.

   D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

   E. I have provided documentation for all income that I earn.

   F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.** The Loan Documents are hereby modified as of MARCH 01, 2011 (the "Modification Effective Date"), and all unpaid late charges are waived. The Lender agrees to suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: FEBRUARY 01, 2041.

Page 2 of 8 pages

Loan Number ▮

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance, or other assessments. The new principal balance of my Note is $142,498.76 (the "New Principal Balance").

C. The Interest Bearing Principal Balance will re-amortize over 360 months.

Interest will begin to accrue as of **FEBRUARY 01, 2011**. The first New monthly payment on the New Principal Balance will be due on **MARCH 01, 2011**, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

I promise to pay interest on the New Principal Balance at the rate of **5.000%** annually. I promise to make consecutive monthly payments of principal and interest in the amount of **$764.96**, which is an amount sufficient to amortize the New Principal Balance over a period of 360 months.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D. I agree to pay in full (i) the New Principal Balance, and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements.** I agree to the following:

   A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

   B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

   C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

Page 3 of 8 pages

Loan Number ▇

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K. That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and

Loan Number ▮

Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

Page 5 of 8 pages

Loan Number ▮

## TO BE SIGNED BY BORROWER ONLY

BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A.
The Original Mortgagee of Record: Mortgage Electronic Registration Systems, Inc. as nominee for FIRST ALTERNATIVE MORTGAGE CORP., A NEW YORK CORPORATION AND PETER LEE AND CYNTHIA LEE HIS WIFE, LOAN NUMBER ▮ WITH A MODIFICATION EFFECTIVE DATE OF MARCH 01, 2011

In Witness Whereof the Borrower(s) have executed this agreement.

The undersigned hereby acknowledge that the signatures below include the Borrowers on the Loan, and those of any non-borrower co-owner(s) of the Property, or a non-borrower spouse or domestic partner of a Borrower with rights of dower/curtesy/homestead and/or community property under applicable law. Such additional persons are signing solely to evidence their agreement that all of their right, title and interest in the Property is subject and subordinate to the terms and conditions of this Agreement and the Loan Documents.

_____    Date: 1/11/2011
PETER LEE

_____    Date: 1/11/2011
CYNTHIA LEE

State of NEW YORK          )
                           ) ss.:
County of Albany           )

On the 11 day of January, in the year 2011, before me, the undersigned, a Notary Public in and for said State, personally appeared PETER LEE AND CYNTHIA LEE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of person taking acknowledgment)

(Seal, if any)

My Commission Expires: 4/30/11

*Deborah A. Willis*
*Notary Public State of New York*
*Qualified in Saratoga County*
*Commission Expires April 30, 2011*
*01WI4744009*

Page 6 of 8 pages

Loan Number [REDACTED]

## TO BE SIGNED BY LENDER ONLY

LENDER SIGNATURE PAGE TO YOUR MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A.
The Original Mortgagee of Record: Mortgage Electronic Registration Systems, Inc. as nominee for FIRST ALTERNATIVE MORTGAGE CORP., A NEW YORK CORPORATION AND PETER LEE AND CYNTHIA LEE HIS WIFE, LOAN NUMBER [REDACTED] WITH A MODIFICATION EFFECTIVE DATE OF MARCH 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

JPMORGAN CHASE BANK, N.A.
Lender
By: [signature]     Larry Sanchez
                    Vice President
Date: Jan. 19, 2011

Mortgage Electronic Registration Systems, Inc. as nominee for FIRST ALTERNATIVE MORTGAGE CORP., A NEW YORK CORPORATION
By: [signature]     Kennedy Smith-Fliesher
                    Assistant Secretary
Date: 1/19/11

Page 7 of 8 pages

Loan Number ▓▓▓▓

State COLORADO ss.:

On the __19th__ day of __January__ in the year __2011__, before me, the undersigned, personally appeared __Larry Sanchez__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of DENVER in the State of COLORADO.

[Seal: CLAUDIA GAMBOA / NOTARY PUBLIC / STATE OF COLORADO / My Commission Expires 02/26/2014]

(Seal, if any)

_____
(signature of individual taking acknowledgment)

__Notary__
(office of individual taking acknowledgment)

My Commission expires: _____

State COLORADO ss.:

On the __19th__ day of __January__ in the year __2011__, before me, the undersigned, personally appeared __Kennedy Smith-Fliesher__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of DENVER in the State of COLORADO.

[Seal: CLAUDIA GAMBOA / NOTARY PUBLIC / STATE OF COLORADO / My Commission Expires 02/26/2014]

(Seal, if any)

_____
(signature of individual taking acknowledgment)

__Notary__
(office of individual taking acknowledgment)

My Commission expires: _____

Page 8 of 8 pages

**EXHIBIT A**

#█████████

This Home Affordable Modification Agreement dated 01/11/2011 between Peter Lee and Cynthia Lee and JPMorgan Chase Bank N.A. modifies the following document;

1. Mortgage dated 03/17/2008, recorded 03/19/2008, in Liber 5646 at Page 1090 – 1100, and Doc No. 10150304, Section 44.42, Block 3, and Lot 28, in the face amount of $130,579.00 between Peter Lee and Cynthia Lee and Mortgage Electronic Registration Systems, Inc. as nominee for First Alternative Mortgage Corp., upon which a mortgage tax of $1,607.50 was paid.

2. Assignment dated 01/11/2011 from Mortgage Electronic Systems, Inc. as nominee for First Alternative Mortgage Corp. to JPMorgan Chase Bank N.A. will be recorded simultaneously with this Home Affordable Modification Agreement.